IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OVA 467,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-2450** |
| | : | |
| **CITY OF PHILA #2,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                               **AUGUST 31, 2022**

      Plaintiff, who filed this civil action using a pseudonym "OVA 467,"[1] asserts claims against the City of Philadelphia, and several City Departments and employees. She has also filed

---

[1] For purposes of this Memorandum, the Court has permitted Plaintiff to proceed by pseudonym. Litigants may proceed anonymously in "exceptional cases" upon a showing of *"*(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotations omitted). The United States Court of Appeals for the Third Circuit has identified a non-exhaustive list of factors that are relevant to a litigant's request to proceed by pseudonym. Factors favoring anonymity include:

> "'(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.'"

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). Factors that disfavor anonymity include:

> "'(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally

a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.[2]

## I. FACTUAL ALLEGATIONS

Plaintiff's Complaint is brief, unclear, and at times difficult to read due to her handwriting. As best as the Court can understand, she is alleging that police officers and/or fire fighters employed by the City of Philadelphia failed to enforce a protection from abuse order she obtained against a parolee who was stalking her. (Compl. at 3.)[3] She further alleges that officers "poorly supervised" the "assigned parolee." (*Id.*) Plaintiff further alleges that she was subjected to the following:

> Discrimination retaliation against a victim witness, libel, slander, burglary, illegal search & seize of private and personal documents/medical records after Plaintiff refused to provide to the City of Phila IAD as they unjustly requested then/demand private protected HIPPA protected medical records and personal insurance information that lead to ongoing interference with plaintiff['s] health records billings etc. that were compromised as Phila Police falsified reports alleging a medical emergency that did not exist to cover the illegal entry bypassing front door [illegible] by using Phila Fire Department Ladder to enter front BR window.

---

> obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.'"

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68). If Plaintiff seeks to continue to proceed by pseudonym, she must file a motion seeking to proceed by pseudonym.

[2] A day after filing her initial Complaint, Plaintiff submitted an Amended Complaint to the Court (ECF No. 5.) Since the Amended Complaint was not signed, the Court issued an Order on June 29, 2022, directing Plaintiff to sign her pleading and return it to the Court within thirty days. (ECF No. 7.) She failed to do so. Accordingly, the Court will strike the unsigned Amended Complaint because it is non-compliant with Federal Rules of Civil Procedure 11 and will screen Plaintiff's initial Complaint as the operative pleading in this case.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

(*Id.*)  It is unclear what relief Plaintiff seeks from the Court.

## II.     STANDARD OF REVIEW

The Court will grant Plaintiff leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Plaintiff is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement,

3

the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

Plaintiff's Complaint fails to comply with Rule 8 or state a claim.  As best as the Court can discern, Plaintiff is attempting to bring claims pursuant to 42 U.S.C. § 1983, which provides a remedy against state actors for constitutional violations.  However, her allegations are conclusory, have no context, and lack sufficient factual detail.  It is often unclear to what she is referring, such as her allegation that she was discriminated against or retaliated against in some way.  She has also failed to state what relief she seeks from the Court.  In sum, the pleading as a

whole fails to provide sufficient factual detail to comply with Rule 8 or state a plausible claim for relief.

There are also other reasons why Plaintiff's claims fail. First, City agencies are not suable entities under § 1983 because they do not have a separate legal existence. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Second, "[a]s a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," *DeShaney v. Winnebago Cty. Dep' t of Soc. Servs.*, 489 U.S. 189, 197 (1989), so any alleged inadequate supervision of a parolee that caused Plaintiff harm does not translate into a cognizable constitutional claim. Third, "it is by no means clear that an individual entitlement to enforcement of a restraining order could constitute a 'property' interest for purposes of the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 766 (2005); *Burella v. City of Philadelphia*, 501 F.3d 134, 146 (3d Cir. 2007) ("[W]hether framed as a substantive due process right under *DeShaney,* or a procedural due process right under *Roth*, Jill Burella does not have a cognizable claim that the officers' failure to enforce the orders of protection violated her due process rights."). Fourth, to the extent Plaintiff seeks to bring claims pursuant to HIPPA, that statute does not provide for a private

cause of action. *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) ("There is no federal private right of action under HIPPA." (citing cases)). Fifth, Plaintiff has failed to allege the personal involvement of each Defendant in the events giving rise to her claims or to articulate any municipal policy or custom that caused the alleged violations of her rights in a manner that would give rise to a claim for municipal liability against the City of Philadelphia. *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (to assert a plausible claim under § 1983 against a municipality, a plaintiff "must identify [the] custom or policy [that allegedly violated their rights], and specify what exactly that custom or policy was" to satisfy the pleading standard) (citation omitted); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). Sixth, Pennsylvania's Board of Parole is entitled to Eleventh Amendment immunity from Plaintiff's claims and is in any event not a "person" subject to liability in a § 1983 action. *See Will v Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)

In sum, Plaintiff's Complaint is poorly pled and appears to raise many claims that are implausible. However, since it is possible she could have a basis for a Fourth Amendment claim or claims[4] based on searches and seizures by police, she will be permitted to file an amended complaint to "flesh out [her] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations

---

[4] The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to amendment.  Since Plaintiff must be afforded leniency as a pro se litigant, the dismissal will be without prejudice to her right to file an amended complaint within thirty (30) days in the event that she can cure any of the defects noted above.[5]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, C.J.

---

[5] In light of the confused manner in which the Complaint is pled, the Court will give Plaintiff an opportunity to replead her claims in their entirety.